**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DALE D. KUNKEL,<br>    Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1241 |
| | : | |
| EUGENE S. JASIN and | : | |
| SAUCON VALLEY CUSTOM HOMES, | : | |
| INC., | : | |
|     Defendants. | : | |

-----------------------------------------------------------------------------------------------------------------

Diamond, J.                                                                         August 21, 2007

## MEMORANDUM

_____Plaintiff Dale Kunkel brings this *pro se* action under the Architectural Works Copyright

Protection Act of 1990, seeking damages and injunctive relief for Defendants' alleged infringement

of his copyrighted works.  See 17 U.S.C. § 501 et seq.  Defendants move for summary judgment,

arguing that Plaintiff lacks standing to pursue these claims because he concealed his purported

ownership of these interests during his previous bankruptcy action, and the interests therefore remain

part of the bankruptcy estate.  Construing the record facts most favorably to Plaintiff, it is apparent

that these interests remain part of the bankruptcy estate, and thus the real party in interest is the

bankruptcy Trustee.  Accordingly, I grant summary judgment in Defendants' favor.

## LEGAL STANDARDS

_____Upon motion of any party, summary judgment is appropriate "if there is no genuine issue as

to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  The moving party must initially show the absence of any genuine issues of material fact.

1

See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  An issue is material only if it could affect the

result of the suit under governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In deciding whether to grant summary judgment, the district court "must view the facts in the light

most favorable to the non-moving party," and take every reasonable inference in that party's favor.

Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005).  If, after viewing all reasonable

inferences in favor of the non-moving party, the court determines that there is no genuine issue of

material fact, summary judgment is appropriate.  See Celotex, 477 U.S. at 322; Wisniewski v. Johns-

Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

     The opposing party must support each essential element with concrete evidence in the record.

See Celotex, 477 U.S. at 322-23. This requirement upholds the "underlying purpose of summary

judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause

delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004)

(restating Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976)).

     Finally, I am obligated to construe *pro se* pleadings liberally.  Foster v. Morris, 208 Fed.

App'x 174, at *3 (3d Cir. 2006).

## BACKGROUND

     In describing the background of this case, I have set out those record facts that are

undisputed, and construed them in the light most favorable to Plaintiff.  I have disregarded those

factual allegations that Plaintiff makes without any evidentiary support.  See Celotex, 477 U.S. at

322-23; Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000) (requiring more than "unsupported

allegations" to defeat summary judgment).  I have accepted as true all other factual allegations made

by Plaintiff and construed them in the light most favorable to him.

Between 1994 and 1999, Mr. Kunkel and Mr. Jasin each owned a 50% interest in Saucon Valley Homes, Inc.  (Pl. Resp. to Defs. Mot. for S.J., Exhibit 7 at 9.)  During this time, Mr. Kunkel created several architectural designs, titled "The Maison," "The Coventry," and "The Woodbury." (Amended Compl. ¶¶ 20- 22, 30.)  Mr. Jasin had access to these designs in the course of his construction work.  (Amended Compl. ¶¶ 14, 23-24, 31.)

On November 19, 2001, Plaintiff filed for voluntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania.  (Pl. Resp. to Defs. Mot. for S.J., at 1.)  He was originally represented by counsel, but after approximately five months, he decided to proceed *pro se* for financial reasons.  (Def. Mot. for S.J., Exhibit B.)

During the bankruptcy proceedings, Mr. Kunkel was required to disclose all his legal and equitable interests, including pre-petition causes of action and intellectual property.  Mr. Kunkel advised the Bankruptcy Court and the Trustee that he and Mr. Jasin were involved in pre-existing state court litigation respecting the designs in the instant case.  (Pl. Resp. to Defs. Mot. for S.J., at 2.)  Mr. Kunkel did not list the designs themselves as legal or equitable interests on his Statement of Financial Affairs, however.  (Pl. Resp. to Defs. Mot. for S.J., at 2.)  He also failed to list them on his Schedule B – Personal Property form because he believed that intellectual property could be claimed on this list only if it was registered with the Library of Congress;  his designs were not so listed.  (Pl. Resp. to Defs. Mot. for S.J., at 1-2.)

On July 12, 2002, Mr. Kunkel received a no-asset discharge in the Bankruptcy Court.  (Pl. Resp. to Defs. Mot. for S.J., at 1.)  The case remained open, however, and the Trustee was not discharged.  (Pl. Resp. to Defs. Mot. for S.J., at 1.)

On April 2, 2003, Mr. Kunkel notified the Bankruptcy Court, the Trustee, and Mr. Jasin that he had registered the designs at issue with the Copyright Office of the United States. (Pl. Resp. to Defs. Mot. for S.J., at 2.) He did not add them to his Schedule B, however. (Pl. Resp. to Defs. Mot. for S.J., at 1-2; Pl. Resp. to Def. Reply, at 1.)

Mr. Kunkel also complained to the Bankruptcy Court that Mr. Jasin was infringing these copyrights. (Pl. Resp. to Defs. Mot. for S.J., at 2.) When that Court declined to adjudicate the merits of Mr. Kunkel's infringement claim, he filed a RICO complaint against Mr. Jasin in this Court. (Pl. Resp. to Defs. Mot. for S.J., at 2; Doc. 03-3355.) Two months later, he withdrew his complaint. (Pl. Resp. to Defs. Mot. for S.J., at 2; Doc. 03-3355 No. 12.)

On March 2, 2006, the Bankruptcy Court entered an Order approving the Trustee's report of administration, discharging the Trustee, and closing the case. (Pl. Resp. to Defs. Mot. for S.J., at 1.) Mr. Kunkel still had not listed his copyrighted designs on his Schedule B. (Pl. Resp. to Defs. Mot. for S.J., at 1; Pl. Resp. to Def. Reply, at 1.)

One year later, Mr. Kunkel discovered that Mr. Jasin and Saucon Valley Custom Homes were constructing houses based on the designs he had registered as copyrights during his bankruptcy case but had never listed on his Schedule B. (Pl. Resp. to Defs. Mot. for S.J., at 4.)

## DISCUSSION

Construing these facts in Plaintiff's favor, it is apparent that during the bankruptcy proceedings, he relinquished to the bankruptcy estate any interest he had in the copyrighted works at issue – "The Maison," "The Coventry," and "The Woodbury." Accordingly, the bankruptcy Trustee is the real party in interest, and Plaintiff lacks standing to recover for alleged infringement

4

of these copyrights.

The Bankruptcy Code provides for the automatic creation of a bankruptcy estate upon the filing of a Chapter 7 bankruptcy petition.  See 11 U.S.C. § 541.  The estate is composed of "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative," including any pre-petition causes of action and all legal and equitable interests.  Watson v. H.J. Heinz Co., 101 Fed. App'x 823, 825 (Fed. Cir. June 8, 2004); Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (Bankr. E.D. Pa. 1990).  The estate includes intellectual property such as copyrights.  See United States v. Inslaw, Inc., 932 F.2d 1467, 1471 (D. D.C. 1991).

An asset is excluded from the estate only if the debtor explicitly lists (or "schedules") it on the appropriate Schedule – here, Schedule B.  See 11 U.S.C. § 522; Krank, 109 B.R. at 669.  At the close of the case, an asset that has been scheduled but not otherwise administered is abandoned to the debtor.  See 11 U.S.C. § 554(c).  If the asset has not been scheduled and has not otherwise been ordered administered, however, it remains the property of the estate.  See 11 U.S.C. § 554(d); Watson, 101 Fed. App'x at 826; Hutchins v. I.R.S., 67 F.3d 40, 43 (3d Cir. 1995).

Plaintiff in the instant case concedes that he failed to schedule his interest in the copyrights at issue.  He argues that this "technicality" should not defeat his claim because the Bankruptcy Court and the Trustee were "on notice" of the existence of these assets and, by ignoring them, abandoned them to Plaintiff.

In Hutchins, the Third Circuit held that failure to schedule an asset is a dispositive, not merely "technical," deficiency:

> [T]he failure to schedule . . . is fatal to [the plaintiff's] claim. It is clear that an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554. . . . It is equally clear that since the bankrupt estate retains

5

unscheduled assets, only the bankruptcy trustee has the authority to control them.

Hutchins, 67 F.3d at 43.  This is so whether the scheduling omission is deliberate – as when a debtor

attempts to conceal his assets – or inadvertent.  See, e.g., Hutchins, 67 F.3d at 43; Vreugdenhill v.

Navistar Int'l Transp. Corp., 950 F.2d 524, 526 (8th Cir. 1991); Krank, 109 B.R. at 669.

Thus, although Plaintiff informed the Court and the Trustee of pre-petition litigation
respecting these assets, advised them that he had registered the copyrights, and requested that the
Court adjudicate his copyright infringement dispute on the merits, the assets remained part of the
bankruptcy estate because he did not schedule them, despite many opportunities to do so.

Plaintiff's argument that the Trustee abandoned the property by implication is without merit.
It is settled law that the Trustee must take some affirmative step to abandon an asset included in the
bankruptcy estate, and that as a matter of law, he cannot do so unless that asset has been scheduled
by the plaintiff.  See Vreugdenhill, 950 F.2d at 526 ("It is not enough that the trustee learns of the
property through other means; the property must be scheduled . . . [without which the plaintiff's
claim] could not be abandoned by operation of law."); Saellam v. Norfolk Southern Corp., 2007 WL
1653737, at *3 (W.D. Pa. June 6, 2007) (same); Allston-Wilson v. Philadelphia Newspapers, Inc.,
2006 WL 1050281, at *1 (E.D. Pa. Apr. 20, 2006) (same); In re Pilz Compact Disc, Inc., 229 B.R.
630, 636 (Bankr. E.D. Pa. 1999) (same).

It is undisputed that Plaintiff never scheduled these assets.  They thus remain part of the
bankruptcy estate, and the Trustee who administered the estate is the real party in interest.
Accordingly, Plaintiff lacks standing to pursue these claims.  See Barger v. City of Cartersville, Ga.,
348 F.3d 1289, 1292 (11th Cir. 2003); Stramiello-Yednak v. Perl, 2006 WL 1158123, at *4 (W.D.
Pa. Apr. 28, 2006).

## <u>CONCLUSION</u>

In sum, Plaintiff lacks standing to pursue his claims because, by his own admission, he never scheduled the copyrighted works at issue during his prior bankruptcy proceeding. As a result, his interest in these assets was extinguished upon the conclusion of his bankruptcy case.

For the foregoing reasons, the Motion for Summary Judgment by Eugene S. Jasin and Saucon Valley Custom Homes, Inc. is **GRANTED**.

An appropriate Order follows.

/s Paul S. Diamond

_____

**Paul S. Diamond, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DALE D. KUNKEL,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1241** |
| | : | |
| **EUGENE S. JASIN and** | : | |
| **SAUCON VALLEY CUSTOM HOMES,** | : | |
| **INC.,** | : | |
| **Defendants.** | : | |

_____   <u>**ORDER**</u>

AND NOW, this 21st day of August, 2007, upon consideration of Defendants' Motion for

Summary Judgment (Doc. No. 17), Defendants' Memorandum in Support (Doc. No. 18), Plaintiff's

Response (Doc. No. 20), Plaintiff's Affidavit and Consolidated Brief (Doc. No. 24), Defendants'

Request for Leave to File Reply (Doc. No. 22), Plaintiff's Objection (Doc. No. 25), Defendants'

Amended Request (Doc. No. 26), Plaintiff's Response (Doc. No. 27), Plaintiff's Request for Leave

to File Addendum (Doc. No. 28), Plaintiff's Request for Leave to File a Second Amended Complaint

(Doc. No. 19), and Defendants' Response (Doc. No. 21), and any related submissions, it is hereby

ORDERED as follows:

1.      For the reasons set forth in the accompanying Memorandum, Defendants' Motion for

Summary Judgment (Doc. No. 17) is **GRANTED**.  Judgment is entered in favor of Defendants,

Eugene S. Jasin and Saucon Valley Custom Homes, and against Plaintiff, Dale D. Kunkel.

2.      Defendants' Amended Request for Leave to File Reply (Doc. No. 26) is **GRANTED**

*nunc pro tunc*.

3.      Plaintiff's Request for Leave to File Addendum (Doc. No. 28) is **GRANTED** *nunc*

*pro tunc*.

4.      Plaintiff's Request for Leave to File a Second Amended Complaint (Doc. No. 19) is

**DENIED** as **moot**.

5.      The Clerk's Office shall close this case for statistical purposes.


                                              AND IT IS SO ORDERED.

                                              /s Paul S. Diamond

                                              _____

                                              **Paul S. Diamond, J.**